United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-41179
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL MARTINEZ-MENDEZ,

Defendant-Appellant.

---

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1426-1**

---

Before DAVIS, JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Saul Martinez-Mendez appeals his guilty-plea conviction for possession with intent to distribute more than five kilograms of cocaine. Martinez-Mendez asserts that the district court's failure to inform him at his FED. R. CRIM. P. 11 colloquy that he was subject to a statutory minimum sentence was plain error that affected his substantial rights. He argues that we should vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his plea because the error is of constitutional magnitude and rendered his plea invalid.

As Martinez-Mendez's Rule 11 challenge is raised for the first time on appeal, review for plain error only. United States v. Vonn, 535 U.S. 55, 59 (2002). Accordingly, he must show: (1) an error, (2) that is clear and obvious, and (3) that affects his substantial rights. United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002). If these factors are established, we will correct the forfeited error if, in our discretion, we determine that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Under the circumstances presented in the instant case, the district court's omission does not warrant reversal as Martinez-Mendez has not shown that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

For the first time on appeal, Martinez-Mendez argues that the factual basis is insufficient to support his guilty plea because it does not establish that he knew the type and quantity of controlled substance he possessed. He concedes that his argument is foreclosed by this court's decision in United States v. Gamez-Gonzalez, 319 F.3d 695, 700 (5th Cir. 2003), but he raises it to preserve it for Supreme Court review. Given the foregoing, the judgment of the district court is **AFFIRMED**.

2